**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHARLY CHAYIMIN, | No. 10-70423 |
| Petitioner, | Agency No. A099-464-006 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 8, 2012[**]

Before:    ALARCÓN, BERZON, and IKUTA, Circuit Judges.

Charly Chayimin, a native and citizen of Indonesia, petitions for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We have

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we deny the petition for review.

Substantial evidence supports the agency's finding that Chayimin failed to establish that the marketplace fire that destroyed his parents' shop was deliberate or motivated by a protected ground.  *See Parussimova v. Mukasey*, 555 F.3d 734, 742 (9th Cir. 2009); *Singh v. INS*, 134 F.3d 962, 967 (9th Cir. 1998) (petitioner must establish mistreatment was targeted particularly towards him and occurred because of racial or religious animus).  Substantial evidence also supports the agency's finding that Chayimin's experiences in Indonesia, including harassment and beatings when he was a child, extortion of his parents, and a robbery of his mother, do not rise to the level of past persecution.  *See Wakkary*, 558 F.3d at 1060 ("We cannot say . . . that a reasonable factfinder would be compelled to conclude that these experiences, without more, cumulatively amount to past persecution.") (citations and internal quotations omitted).  Further, substantial evidence supports the agency's determination that, even as a member of a disfavored group, Chayimin has not established a well-founded fear of persecution in Indonesia because he has not demonstrated sufficient individualized risk.  *See Halim v.*

*Holder*, 590 F.3d 971, 979 (9th Cir. 2009).  Accordingly, Chayimin's asylum claim fails.

Because Chayimin failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal.  *See Singh*, 134 F.3d at 971.

To the extent Chayimin contends that the agency erred by failing to consider his country conditions evidence, he has not overcome the presumption that the agency reviewed the record.  *See Larita-Martinez v. INS*, 220 F.3d 1092, 1095-96 (9th Cir. 2000).

Finally, Chayimin does not raise any argument challenging the denial of his CAT claim.  *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived).

**PETITION FOR REVIEW DENIED.**